IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOAN M. PHAN, | No. C 07-3230 MJJ (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| SCHELIA A. CLARK, | **(Docket No. 2, 4)** |
| Respondent. | |

Petitioner, an inmate in a federal prison pursuant to a federal conviction and sentence, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which she argues that her conviction and sentence are unconstitutional.[1] She was convicted and sentenced in 2002 in the United States District Court for the District of Kansas.

A prisoner in custody under sentence of a federal court who, like petitioner, wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion

---

[1] Hereinafter, all statutory references are to 28 U.S.C. unless otherwise noted. The Court notes that the petition herein is very similar to a petition filed recently in this court by Janice Weeks-Katona, Case No. 07-03053 MJJ (PR). In addition, petitioner has filed a "power of attorney" purporting to appoint Ms. Weeks-Katona as petitioner's attorney herein. Ms. Weeks-Katona, also an inmate at the same institution as petitioner, is not an attorney and may not represent petitioner.

N:\MJJ\HC Orders\phan.dsm.wpd

to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence, in this case the District of Kansas. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Only the sentencing court has jurisdiction over such a motion. See id. at 1163. A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); Tripati, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion). Where, as here, the alleged errors occurred prior to sentencing, the proper remedy is a § 2255 motion, not a § 2241 writ. See United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980); cf. United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (§ 2241 is proper vehicle for federal prisoner to challenge errors in execution of sentence occurring after sentencing, such as such as parole or time credits claim).

There is an exception to the general bar against using § 2241 to collaterally attack a conviction or sentence: A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. See id. At the very least, the remedy under § 2255 generally will not be inadequate or ineffective merely because a previous § 2255 motion was denied. See Aronson v. May, 85 S. Ct. 3, 5 (1964); Tripati, 843 F.2d at 1162-63; see also Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979) (whether seeking to raise new issue or relitigate already decided by prior § 2255, § 2241 not proper unless petitioner can show that § 2255 proceeding inadequate or ineffective; must show more than lack of success in prior § 2255). There is no indication that a § 2255 motion is an ineffective or inadequate remedy for petitioner, and she does not fall within the exception to the bar against collaterally attacking the validity of a sentence or conviction in a § 2241 petition.

N:\MJJ\HC Orders\phan.dsm.wpd         2

Because the claims in the petition collaterally attack petitioner's conviction and sentence, they are not cognizable in the instant petition under § 2241. Accordingly, the petition for a writ of habeas corpus is hereby DISMISSED.

The request to proceed in forma pauperis is GRANTED. The motions for a hearing and to "cease and desist" future deportation proceedings are DENIED in light of the dismissal of this action.

This order terminates docket numbers 2, 4 and any other pending motions.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 8/8/2007

                                              MARTIN J. JENKINS
                                              United States District Judge

**United States District Court**
For the Northern District of California